UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 15-686(A)-CAS | Date | April 25, 2016 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | (SPANISH) - Jill Hoskins |
|---|---|

| Catherine Jeang | Laura Elias | Joshua Mausner<br>Mark Aveis |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Alfonso Chavez | X | X | | Asal Akhondzadeh, DFPD<br>Lisa Shinar Labarre, DFPD | X<br>X | X<br>X | |

| Proceedings: | DEFENDANT'S MOTION TO COMPEL CONFIDENTIAL INFORMANT DISCOVERY (Dkt. 27, filed March 28, 2016)<br><br>DEFENDANT'S MOTION TO SUPPRESS STATEMENTS (Dkt. 39, filed April 11, 2016) |
|---|---|

Defendant Alfonso Chavez is charged in this case with two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts One and Four), and two counts of being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5) (Counts Two and Three). Dkt. 19, First Superseding Indictment. The Government alleges that between October 2014 and January 2015, defendant engaged in four transactions in which he sold the same confidential informant ("CI") over one pound of methamphetamine and three firearms. Each of these transactions purportedly took place in the same location—a Walmart parking lot in Rialto, California—and was monitored and recorded by the same team of federal agents. These transactions form the basis of the four counts in the indictment.[1]

---

[1] Specifically, the Government contends that on October 28, 2014 defendant sold one pound of methamphetamine to the CI (Count One), on November 6, 2014 defendant sold two firearms to the CI (Count Two), on December 4, 2014 defendant sold one firearm to the CI (Count Three), and on January 7, 2015 defendant sold methamphetamine to the CI (Count Four).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

I. **DEFENDANT'S MOTION TO COMPEL CONFIDENTIAL INFORMANT DISCOVERY**

On March 28, 2016, defendant filed a motion requesting that the Court compel the Government to produce discovery regarding the CI in this case. Dkt. 27. Defendant states that "the only witness to the alleged transactions" that form the basis of the charges in the indictment was the CI. Id. at 3. Accordingly, defendant contends that full discovery regarding the CI, including the identity of the CI as well as other information relevant to impeaching the CI, is necessary for defendant to present a complete defense.

As a general matter, the Government holds a limited "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957). Moreover, particularly in the context of narcotics cases, such as this one, the Ninth Circuit has recognized that disclosure of identifying information pertaining to an informant can place the informant in great physical danger. See, e.g., United States v. Hernandez, 608 F.2d 741, 745 (9th Cir. 1979) ("It is no secret that informers whose identities are revealed prior to trial are often 'among the missing' when the trial date finally arrives."); see also United States v. Sai Keung Wong, 886 F.2d 252, 257 (9th Cir. 1989) (noting that the Government has a "strong interest in protecting the valuable resources of the informant in drug investigations"). Nonetheless, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Roviaro, 353 U.S. at 60-61. In such cases, "the burden of proof is on the defendant[ ] to show need for the disclosure." Sai Keung Wong, 886 F.2d at 256.

Here, defendant argues first that disclosure of the CI's identity is necessary because the CI "may possess additional material information." Dkt. 27, at 4. Defendant relies on a series of cases holding that, where a confidential informant is a direct participant in the charged offense, disclosure of the confidential informant's identity is particularly appropriate. See, e.g., Roviaro, 353 U.S. at 64-65 (holding that it was "prejudicial error" for the trial court to permit the Government to withhold the identity of its informant where the informant "was the sole participant, other than the accused, in the transaction charged."). However, while defendant asserts that the confidential informant "*may* possess additional material information," Dkt. 27, at 4 (emphasis added), he fails to articulate what that purportedly "material information" may consist of or how the identity of the CI will assist defendant in preparing his defense. See also United States v. Rowland, 464 F.3d 899, 909 (9th Cir. 2006) ("Where a defendant has failed to articulate any substantial reason why he should be entitled to the confidential information, disclosure is not appropriate.") (citations and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Moreover, in this case, the CI was not the only witness to the alleged transactions. Rather, while the CI was the only person, other than defendant, physically present during the alleged methamphetamine and firearms sales, law enforcement officials both witnessed and recorded these alleged transactions. The Government states that it anticipates that these law enforcement officials will testify at trial and that the recordings of the transactions will be submitted into evidence. In light of this evidence and testimony, it is not clear what additional information the CI would provide regarding the alleged transactions. Accordingly, defendant has failed to satisfy his burden of showing that he has a need for the identity of the CI. Defendants' conclusory assertions to the contrary are insufficient to overcome the Government's interest in protecting the security of the CI. See also Sai Keung Wong, 886 F.2d at 256 ("The mere suspicion that information will prove helpful is insufficient to require disclosure.").

Next, defendant argues that "complete impeachment information regarding the informant" is necessary in order to "fully test his credibility." Dkt. 27, at 5. Defendant identifies four categories of information regarding the CI, which he contends the Government must produce: (1) the CI's "prior criminal record and activity"; (2) any "monetary payments and other benefits" the CI received in exchange for assisting law enforcement officials; (3) all known occasions in which the CI has made "false statements and representations"; and (4) "other information," which defendant indicates may include such information as "prior drug use." Id. at 6-8. The only relevant purpose the Court can discern for this type of information is to impeach the testimony of the CI. However, the Government has stated that it does not intend to call the CI as a witness at trial. Dkt. 32, at 6. And, unless the Government intends to offer the CI's testimony at trial, his credibility and potential impeachment will not be at issue. Thus, disclosure of the information defendant has identified is, at least at present, not "relevant" and/or "helpful" to his defense.

Accordingly, defendant has failed to satisfy his burden of demonstrating that he has a need for additional information regarding the CI. The Court, therefore, **DENIES** defendant's motion to compel confidential informant discovery.[2]

---

[2] However, the Court denies this motion without prejudice. While the Government states that it does not intend to call the CI to testify at trial, it has not conclusively ruled out the possibility that the CI may ultimately be asked to testify. See Dkt. 32, at 6 n.3. In the event the Government determines to call the CI as a witness, defendant may renew his motion and the Court may reconsider its ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

## II.    DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

On April 11, 2016, defendant filed a motion to suppress certain statements he made to law enforcement officials on November 18, 2015.  Dkt. 39.  In this motion, defendant contends that, shortly after his arrest and while in the custody of federal agents, he made potentially incriminating statements regarding his immigration status.  Defendant argues that his statements should be suppressed because federal agents did not provide him with valid Miranda warnings prior to questioning him.  However, on April 18, 2016, the Government filed a notice of non-opposition to defendant's motion stating that it does not intend to introduce defendant's post-arrest statements in its case-in-chief.  Dkt. 45.[3]  Accordingly, defendant's motion is **DENIED WITHOUT PREJUDICE AS MOOT**.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

---

[3] The Government reserves the right to use defendant's statements to impeach defendant at trial, as permitted by Harris v. New York, 401 U.S. 222 (1971).  Nonetheless, the Court retains jurisdiction to assess the admissibility of these statements should the Government seek to introduce them on cross-examination of the defendant or in its rebuttal case.