UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | CR 15-686(A)-CAS | | Date | April 25, 2016 |
|---|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | (SPANISH) - Jill Hoskins |
|---|---|

| Catherine Jeang | Laura Elias | Joshua Mausner<br>Mark Aveis |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder,*<br>*Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| | | | | Asal Akhondzadeh, DFPD | X | X | |
| Alfonso Chavez | X | X | | Lisa Shinar Labarre, DFPD | X | X | |

| Proceedings: | DEFENDANT'S MOTION TO SEVER COUNTS (Dkt. 26, filed March 28, 2016) |
|---|---|

Defendant is charged in this case with two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts One and Four), and two counts of being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5) (Counts Two and Three). Dkt. 19, First Superseding Indictment. The Government alleges that between October 2014 and January 2015, defendant engaged in four transactions in which he sold the same confidential informant ("CI") over one pound of methamphetamine and three firearms. Each of these transactions purportedly took place in the same location—a Walmart parking lot in Rialto, California—and was monitored and recorded by the same team of federal agents. These transactions form the basis of the four counts in the indictment.[1]

On March 28, 2016, defendant filed a motion to sever Counts Two and Three—the illegal alien in possession of a firearm charges—from the remaining counts in the indictment. Dkt. 26. On April 3, 2016, the Government filed an opposition, Dkt. 31, and on April 6, 2016, defendant filed a reply, Dkt. 37. In his motion, defendant argues that proof of Counts Two and Three will

---

[1] Specifically, the Government contends that on October 28, 2014 defendant sold one pound of methamphetamine to the CI (Count One), on November 6, 2014 defendant sold two firearms to the CI (Count Two), on December 4, 2014 defendant sold one firearm to the CI (Count Three), and on January 7, 2015 defendant sold methamphetamine to the CI (Count Four).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

require the Government to introduce evidence that he is an illegal alien.  Defendant argues that, while this evidence is irrelevant to Count One and Four—the methamphetamine charges—it is highly prejudicial to defendant.  As such, defendant requests that the Court sever Counts Two and Three for trial.

Pursuant to Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Nonetheless, "joinder is the rule rather than the exception," and a denial of severance "will be upheld absent a showing that 'joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever.' " United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir. 1988) (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)); see also United States v. Lewis, 787 F.2d 1318, 1321 (9th Cir. 1986) ("The prejudice must have been of such magnitude that the defendant's right to a fair trial was abridged.").

The Court finds that severance of Counts Two and Three is not appropriate in this case.  First, severance of these counts would result in a significant waste of judicial resources.  Each of the indictments four counts arises out of the same series of transactions, involves the same confidential informant, occurred in the same location, and was monitored and recorded by the same team of federal agents.  Accordingly, in all likelihood the Government will submit substantially the same evidence in support of each of the charged counts.  Were the Court to sever Counts Two and Three from the remaining counts in the indictment, this evidence would need to be submitted twice to two different juries.  Such a duplication of effort would be a substantial waste of judicial resources.  See also United States v. Portac, Inc., 869 F.2d 1288, 1294 (9th Cir. 1989) ("Joinder is proper when the same facts must be adduced to prove each of the joined offenses.").

Second, the Court finds that defendant has failed to demonstrate that joinder of the counts in the indictment is so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy . . . ." Whitworth, 856 F.2d at 1277.  Defendant argues that severance is warranted because "there is a very potent danger that once the jury learns that [defendant] is in the country illegally . . . they will form a belief that [defendant] was more likely to have committed the drug distribution offenses charged."  However, the Ninth Circuit expressly rejected this argument in United States v. Lopez, 477 F.3d 1110 (9th Cir. 2007).  In that case, the defendant was charged with, *inter alia*, being an illegal alien in possession of a firearm and possession of cocaine with intent to distribute.  Id. at 1111.  As here, the defendant brought a motion to sever the drug-related count from the other charges in the indictment, including the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

illegal alien in possession of a firearm charge.  Id. at 1116.  The district court denied this motion.  Id.  On appeal, the Ninth Circuit concluded: "*No law* supports [defendant's] contention that the jury's knowledge that he was an illegal alien created "prejudice of such magnitude that the defendant's right to a fair trial [was] abridged."  Id. (emphasis added) (citing Lewis, 787 F.2d at 1321).  Moreover, the Ninth Circuit noted that, because "the evidence regarding each of the charges against [defendant] was extensively interrelated," the charges were "reasonably consolidated into one trial."  Id.  Accordingly, the Ninth Circuit affirmed the district court's denial of the defendant's motion to sever.  Id. at 1117.

     Defendant attempts to analogize this case to cases in which the Ninth Circuit has found that it was prejudicial to try a defendant in the same case for both drug-related offenses and for being a *felon* in possession of a firearm.  See, e.g., Lewis, 787 F.2d at 1322-23 (holding that denial of defendant's motion to sever counts charging defendant with being a felon in receipt of a firearm was reversible error).  However, again, in Lopez, the Ninth Circuit expressly rejected this analogy.  See Lopez, 477 F.3d at 1116 (citing Lewis and noting that "[u]nlike evidence of a prior felony conviction, relevant evidence that a person is a previously-deported illegal alien is admissible.").  Furthermore, the risk of prejudice to defendant can be mitigated through the use of a limiting instruction.  For example, the Court may provide the jury with Ninth Circuit Model Criminal Jury Instruction 3.11, which instructs the jury that they must consider each count against a defendant separately.  See also United States v. Bradshaw, 690 F.2d 704, 709 (9th Cir. 1982) ("Limiting instructions may reduce or eliminate prejudice which would otherwise occur.").

     Accordingly, the Court finds that severing Counts Two and Three from the remaining counts in the indictment would unduly waste time and judicial resources, and that defendant has failed to establish that joinder of the counts is "so manifestly prejudicial" as to warrant severance.  The Court, therefore, **DENIES** defendant's motion.

     IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |