UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | CR15-686(A)-CAS | Date | May 10, 2016 |

Present: The Honorable **CHRISTINA A. SNYDER**

Interpreter N/A

| Catherine Jeang | Not Present | Joshua Mausner / Lisa Shinar LaBarre |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Alfonso Chavez | Not | X | | Asal Akhondzadeh, DFPD | | X | X |
| | | | | Lisa Shinar LaBarre, DFPD | | X | X |

Proceedings: (IN CHAMBERS) - DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY INTERPRETING CODED LANGUAGE

On May 3, 2016, defendant Alfonso Chavez filed a motion *in limine* to exclude any testimony interpreting coded language. Dkt. 59. In particular, defendant seeks to exclude testimony from one of the Government's witnesses, Special Agent Joshua Jackson ("SA Jackson"). In its expert disclosure, the Government states that SA Jackson will testify "primarily as a percipient witness." Mot., Ex. A. Nonetheless, the Government also anticipate that, as part of this testimony, "SA Jackson will testify about the use of code words or slang in drug transactions, and his understanding of the coded language used in each of the transaction [at issue in this case]." Id.

In the instant motion, defendant contends that SA Jackson's testimony regarding the use of "code words and slang" constitutes expert testimony; however, defendant states that SA Jackson was not timely disclosed as an expert by the Government, as required by Federal Rule of Criminal Procedure 16, and that, in any event, the Government has failed to establish that SA Jackson has the requisite expert qualifications to proffer this testimony. In its opposition, the Government counters that, contrary to defendant's assertion, SA Jackson will not testify as an expert witness; rather, the Government states that SA Jackson will provide percipient witness testimony based on his investigation of this case and "in the course of such testimony may state an opinion as to what certain terms in the recorded conversations between defendant and the confidential informant mean . . . based on his observations of various other conversations between the same parties over time." Opp'n., at 1-3. The Government contends that this is appropriate testimony for a lay, percipient witness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

As an initial matter, the Court notes that the use of coded words or "[d]rug jargon is well established as an appropriate subject for *expert testimony*." United States v. Vera, 770 F.3d 1232, 1241 (9th Cir. 2014) (emphasis added); see also United States v. Freeman, 498 F.3d 893, 901 (9th Cir. 2007) (affirming admission of expert "interpretation of encoded drug jargon," including terms such as "iggity," "ticket," and "all gravy," and explaining that "[d]rug jargon is a specialized body of knowledge, familiar only to those wise in the ways of the drug trade, and therefore a fit subject for expert testimony.") (internal quotation and citations omitted). However, at present neither party has provided the Court with a clear description of SA Jackson's anticipated testimony. Accordingly, the Court is unable to determine at this stage whether SA Jackson intends to offer testimony regarding the meaning of jargon in drug transactions—which may constitute expert testimony—or whether he merely intends to testify based on his direct observations of the transactions at issue in this case. As such, the Court finds that it lacks sufficient information to determine whether SA Jackson's anticipated testimony, in fact, constitutes expert testimony.[1]

The Court, therefore, **DENIES** defendant's motion without prejudice. Defendant may renew this motion in connection with SA Jackson's testimony and when the parties and the Court have a clearer sense of the precise testimony SA Jackson intends to offer. Moreover, the Government is directed to make a short form proffer to both defendant and the Court setting forth SA Jackson's intended testimony, including any testimony regarding "the use of code words or slang in drug transactions."

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

---

[1] At oral argument, defendant objected to SA Jackson's reliance on Spanish translations of the recorded conversations in forming his opinion as to the meaning of certain coded terms. Defendant argues that, because SA Jackson is not fluent in Spanish, his reliance on these translations violates FRE 701. Specifically, defendant argues that SA Jackson's opinion is not "rationally based on [his] perception" of the recorded conversation, but rather is based on the translator's perception of the conversations. Fed. R. Evid. 701(a). This argument misconstrues FRE 701. The fact that SA Jackson may have observed the recorded conversations with the assistance of a translation does not change the fact that his opinion is still based on his own perception of the conversations. And, in any event, the Court finds that the objection counsel for defendant has raised is more appropriately the subject of cross-examination.